IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MURTAZA ALI,                        )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )    No. CIV-14-1174-C
                                    )
JUSTIN JONES, et al.,               )
                                    )
            Defendants.             )

O R D E R

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, seeking recompense for alleged violations of his constitutional rights. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Gary M. Purcell. Judge Purcell entered a Supplemental Report and Recommendation ("R&R") on April 16, 2015, denying Plaintiff's counsel's request to withdraw and recommending dismissal of this action for failure to achieve service within the time limits set by Fed. R. Civ. P. 4(m). Plaintiff, acting pro se, timely objected.

In his Objection to the R&R, Plaintiff requests additional time to serve Defendants and notes that despite repeated attempts, he has been unable to speak with his attorney regarding service.

As Judge Purcell noted in the R&R, this case has been pending for a lengthy time with no progress because of the failure to serve any Defendant. However, after review of the Court file, it appears clear that the delay rests at the feet of Plaintiff's counsel rather than Plaintiff. The Court finds Plaintiff should be granted additional time to achieve

service. Dismissal of the case as recommended by Judge Purcell would unfairly penalize Plaintiff for his counsel's misconduct. Accordingly, Plaintiff will be granted 90 days to obtain service on Defendants. However, Plaintiff is warned that no additional time will be granted.

Plaintiff's counsel's conduct in this case warrants further discussion. Plaintiff's counsel, C. Robert Burton, entered his appearance in this case less than one month after it was originally filed. Since that time counsel had a responsibility to his client and the Court to move the case towards resolution. The Court file reflects no effort by counsel to fulfill this duty. Indeed, the only action taken by counsel was to file an Amended Complaint (that was clearly prepared by Plaintiff) and a Motion to Withdraw. Such conduct by counsel is unacceptable. From counsel's representation of Plaintiff in another action in this district – <u>Murtaza Ali v. Justin Jones, et al.</u>, CIV-11-505-C – and in the Northern District – <u>Murtaza Ali v. Walter Dinwiddie, et al.</u>, Case No. 07-CV-059-TRK-TLW – it would appear that Plaintiff may be a difficult client to represent. Regardless of the difficulty in representing Plaintiff, there is no excuse for the failure to timely serve Defendants. Counsel is aware of the Defendants' identities and presumably is aware of how to obtain service on them. Put simply, counsel's conduct falls below that expected of attorneys appearing in this Court.

For the reasons set forth herein, the Court declines to adopt the R&R (Dkt. No. 20). Plaintiff's counsel will be permitted to withdraw. Plaintiff is granted an additional 90 days

to obtain service on Defendants.  Plaintiff's Motion (Dkt. No. 21) is moot, in that Plaintiff, when appearing pro se, will be mailed all documents filed (but if successor counsel enters an appearance, only counsel will receive the notices of filing) and further objection to the R&R is unnecessary.  This matter is recommitted to Judge Purcell under the original order of referral.

      IT IS SO ORDERED this 22nd day of May, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge